EXHIBIT 1

**Filed**
**D.C. Superior Court**
**09/28/2021 16:30PM**
**Clerk of the Court**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **MICHAEL H. JACOBSON**<br>**140 Hollow Drive, Unit 407**<br>**Mayfield Heights, Ohio 44124**<br><br>    **Plaintiff,**<br><br>v.<br><br>**CCHH GHDC**<br>**AKA "GRAND HYATT WASHINGTON"**<br>**1000 H St. NW,**<br>**Washington, DC 20001**<br><br><br>    <u>Serve:</u><br>    **Registered Agent**<br>    **Corporation Service Company**<br>    **1090 Vermont Avenue NW**<br>    **Washington, D.C. 20005**<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **Civil Action No.** <u>2021 CA 003</u>413 B |

## COMPLAINT

COMES NOW, Plaintiff Michael Jacobson, by and through his attorney, and hereby sues

Defendant Grand Hyatt Washington. This suit is brought to recover for injuries suffered by

Plaintiff on September 15th, 2019. In support of such Complaint, Plaintiff states as follows:

## PARTIES

1. Plaintiff Michael Jacobson is a resident of Ohio.

2. Defendant CCHH GHDC, (also known as "Grand Hyatt Washington") is a corporation,

   incorporated in the State of Delaware and doing business in the District of Columbia.

1

**JURISDICTION AND VENUE**

3. This matter is properly before the Superior Court of the District of Columbia pursuant to D.C. Code §§ 1-204.31(a), 11-921(a) (2019).

4. This Court has personal jurisdiction over Defendant Grand Hyatt Washington pursuant to D.C. Code § 13-423(a)(1) because it transacts business in the District of Columbia.

5. Venue in this Court is proper pursuant to D.C Code § 11-921-(a).

**FACTUAL BACKGROUND**

6. On September 15th, 2019, Plaintiff was attending the Jewish National Fund Conference at the Grand Hyatt in Washington, D.C. as a registered attendee and invitee.

7. The conference was held in the Grand Hyatt's Independence Ballroom.

8. Following a conference presentation, Mr. Jacobson was invited onto the stage to speak with the panelists that had just presented.

9. The stage in the Independence Ballroom was black in color, with a black base, black top, and black trim.

10. As Mr. Jacobson walked onto the stage he was engaged in conversation with the panelists.

11. As a result of the dimmed lights, dark stage and floor, and lack of any markings or other safety features around the edge of the stage, Mr. Jacobson turned to speak and fell from the stage.

12. When Mr. Jacobson fell, he landed on the left side of his body and tried to break his fall with his left hand, resulting in serious injuries including, but not limited to, fractures of his left wrist and left foot.

13. Mr. Jacobson's injuries required surgical repair.

14. In addition to having had surgery, Plaintiff has had a long period of recovery, continual pain, and is expected to continue to require medical treatment for permanent injuries and pain.

15. All such injuries and medical treatment were proximately caused by Defendant's negligence in failure to use reasonable care in the setup, placement, maintenance, operation, or supervision of the subject area.

16. In addition to having permanent surgical implants and other serious injuries, Plaintiff has had a long period of recovery and pain, and is expected to continue to require extensive medical treatment and ongoing therapy.

17. All such injuries and medical treatment were proximately caused by Defendant's negligence in the failure to use reasonable care in the setup, placement, maintenance, operation, or supervision of the subject area.

18. Since the accident, Plaintiff has also suffered emotional and other non-economic damages as a result of Defendant's negligence.

19. After the fall, Plaintiff had substantial difficulty performing normal activities of daily living.

20. As a result of Defendants' negligence, Plaintiff has suffered, and will continue to suffer, serious bodily and emotional injuries and damages, including physical pain, suffering, emotional distress, inconvenience, loss of the enjoyment of life, medical expenses, loss of earnings and earning capacity, and other damages.    As a result of Defendants' negligence, Plaintiff has suffered, and will continue to suffer, serious bodily and emotional injuries and damages, including physical pain, suffering, emotional distress,

inconvenience, loss of the enjoyment of life, medical expenses, loss of earnings and earning capacity, and other damages.

## COUNT 1 – NEGLIGENCE

21. Plaintiff hereby adopts and incorporates by reference all paragraphs herein, and as a further cause of action states:

22. At all relevant times herein, Defendant Grand Hyatt Washington owed Plaintiff and others a duty to keep the premises reasonably safe, to perform inspections a reasonable person would find necessary to learn about any dangerous conditions, and to repair dangerous conditions that are known or should be known to the owner.

23. Defendant breached this duty by failing to provide adequate safety measures for the stage in the Independence Ballroom, such as adequate lighting, reflective/hazard tape, markings to delineate the stage edge, or other visual or physical warning of the state edge and by failing to remedy this dangerous condition which should have been known.

24. Defendant knew or, in the exercise of reasonable care, should have known, that the area where Plaintiff fell was unsafe and in a dangerous condition.

25. Plaintiff's fall and resulting serious injuries were caused by the negligence of Defendant who failed to use reasonable care in maintaining the area where Plaintiff fell.

26. Plaintiff's fall and resulting serious injuries were the direct and proximate result of Defendant's negligence conduct in failing to maintain the area where Plaintiff fell in a safe condition for invitees and guests.

27. As a direct result of Defendant's negligence, Plaintiff has suffered substantial damages in an amount not less than $1,500,000.00, which will be proven at trial.

WHEREFORE, Plaintiff demand judgment against Defendant as follows: (1) compensatory damages in the amount of $1,500,000.00 which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such and further relief as this Court deems proper.

A jury trial is requested on all counts.

Respectfully submitted,

MICHAEL H. JACOBSON

By: Jacob M. Lebowitz, D.C. Bar #483742
POSEY LEBOWITZ PLLC
3221 M St. NW
Washington, D.C. 20007
(202) 524-0123 (phone)
(202) 810-9009 (facsimile)
jlebowitz@poseylebowitz.com
*Counsel for Plaintiff*

Dated: September 24, 2021

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Michael Jacobson

Case Number: **2021 CA 003413 B**

vs

Date: 9/24/2021

Grand Hyatt Washington

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* **Jacob M. Lebowitz** | Relationship to Lawsuit |
| Firm Name: **Posey Lebowitz PLLC** | ☒ Attorney for Plaintiff |
| Telephone No.: **(202) 524-0123**   Six digit Unified Bar No.: **483742** | ☐ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury          ☐ 6 Person Jury          ☒ 12 Person Jury

Demand: $ __1,500,000__                                        Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____  Judge: _____  Calendar #:_____

Case No.:_____  Judge: _____  Calendar#:_____

---

**NATURE OF SUIT:**      *(Check One Box Only)*

### A. CONTRACTS                            COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
        Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
        Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
        Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
        Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
        Under $25,000 Consent Denied

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☒ 16 Negligence- (Not Automobile,
        Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
        Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

_____9/24/2021_____
Date

CV-496/ June 2015

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Michael H. Jacobson
_____
Plaintiff

vs.

Grand Hyatt Washington
_____
Defendant

Case Number _____

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jacob M. Lebowitz
_____
Name of Plaintiff's Attorney

3221 M Street NW
_____
Address
Washington, D.C. 20007

(202) 524-0123
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오.        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Michael H. Jacobson
_____
                          Demandante

          contra

                                              Número de Caso: _____
Grand Hyatt Washington
_____
                          Demandado

### CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandado. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Jacob M. Lebowitz
_____          _SECRETARIO DEL TRIBUNAL_
Nombre del abogado del Demandante

3221 M Street NW
_____          Por: _____
Dirección                                              Subsecretario
Washington, D.C. 20007
_____

(202) 524-0123
_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

[한국어] (202) 879-4828 [암하라어]           የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
CIVIL DIVISION Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

MICHAEL H JACOBSON
Vs.                                                          C.A. No.    2021 CA 003413 B
CCHH GHDC

## INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby** ORDERED **as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge JASON PARK
Date:          September 27, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, January 21, 2022
Location:   Courtroom 519
              500 Indiana Avenue N.W.
              WASHINGTON, DC 20001

1                                                          CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,    "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.   Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

2

CAIO-60

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option 1:** **(AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the **Audio Alternative**

**Option 2:** **(LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** **(LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com  Select **Join**, enter the Meeting ID from the next page

**AUDIO ALTERNATIVE:**  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.



**Option 4:** **(Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

CAIO-60

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
CIVIL DIVISION Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

MICHAEL H JACOBSON
     Vs.
CCHH GHDC

C.A. No.     2021 CA 003413 B

### INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby** ORDERED **as follows:**

(3) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(4) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge JASON PARK
Date:     September 27, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, January 21, 2022
Location:    Courtroom 519
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides, "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:** **(AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the **Audio Alternative**

**Option 2:** **(LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** **(LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com Select **Join**, enter the Meeting ID from the next page

**AUDIO ALTERNATIVE:** Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window. Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.



**Option 4:** **(Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

CAIO-60

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| MICHAEL JACOBSON ) | |
| ) | |
| Plaintiff, ) | **Case:** |
| ) | **Judge Jason Park** |
| v. ) | **Next Event: Initial Scheduling Conference** |
| ) | **Date: January 21, 2021** |
| GRAND HYATT WASHINGTON ) | |
| ) | |
| Defendant. ) | |
| ) | |

### PLAINTIFF'S FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff Michael Jacobson, through undersigned counsel, pursuant to SCR-Civil 34,

requests Defendant respond to this Request within 30 days, and produce the following

documents for inspection and copying at the offices of Posey Lebowitz PLLC, 3221 M St. NW,

Washington, D.C. 20007, or at such time and place as may be agreed upon by all counsel.

### DEFINITIONS

A. Document

As used herein, "document" means all materials so defined in the broadest sense of SCR-

34(a), and includes any written, printed, typed, recorded or graphic matter, however produced or

reproduced, of any kind or description, and any other tangible thing by which information or data

is stored, including any writing, drawing, film, graph, chart, photograph, phonograph record,

mechanical or electrical sound recordings or transcript thereof, computer printouts or displays, as

well as any retrievable data or information (whether in computer storage or on computer hard

drive or disk), and all information carded, taped, coded or stored (electrostatically,

electromagnetically or otherwise) and any other data compilation from which this information

can be obtained.  Without limiting the generality of the foregoing, "document" shall include all computer disks, computer e-mails, computer printouts, correspondence, letters, telegrams, telephone messages, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, work sheets, abstracts, resumes, summaries, notes, jottings, market data, books, journals, ledgers, audits, charts, diagrams, drafts, research documents, newspapers, appointment books, desk calendars or expense reports.  It shall also include all drafts and non-identical copies of any such documents.

B.  Communication

As used herein, "communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise, by any means.

C.  "You" and "Your"

The terms "you" and "your" as used herein shall refer to Defendant and shall include all present and former partners, subsidiaries, related entities, employees, agents, servants, personnel, attorneys, consultants, representatives, and all other persons acting or purporting to act on Defendant' behalf.

D.  Form

As used herein, "and" and "or" or "and/or" encompass both "and" and "or" in every instance.  "All" means "any and all;"  "any" means "any and all."  "Including" means "including but not limited to."  Words in the masculine, feminine or neuter form shall include each of the other genders.  The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.

E.  Person

The term "person" includes any natural person, corporation, general or limited

partnership, joint stock company, unincorporated association or society, municipal or other

corporation, incorporated association, limited liability partnership, limited liability company, the

State, an agency or political subdivision of the State, a court, and any other governmental entity.

F.    Identify (With Respect to Persons)

When referring to a person, "to identify" means to give, to the extent known, the person's

full name, present or last known address, and when referring to a natural person, additionally, the

present or last known place of employment.  Once a person has been identified in accordance

with this subparagraph, only the name of that person need be listed in response to subsequent

discovery requesting the identification of that person.

G.    Identify (With Respect to Documents)

When referring to documents, "to identify" means to give, to the extent known, the (i)

type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s),

addressee(s) and recipient(s).

H.    Subject Fall

As used herein, the term "the subject fall" shall refer to the incident complained of in the

Complaint.

## INSTRUCTIONS

A.    Privilege

Where a claim of privilege is asserted in objecting to any request for production or part

thereof, and information is not provided on the basis of such assertion:

1.    The responding party shall, in asserting the privilege, in the objection to the

request for production, or part thereof, identify with specificity the nature of the

privilege that is being claimed;

3

2.     The following information should be provided in the objection, if known or

reasonably available:

(i)      the type of document;

(ii)     the general subject matter of the document;

(iii)    the date of the document;

(iv)    the identity of each person having knowledge of the information for

which you claim the privilege or protection; and

(v)     such other information as is sufficient to identify the document,

including, where appropriate, the author, addressee, custodian, and any

other recipient of the document, and where not apparent, the

relationship of the author, addressee, custodian, and any other recipient

to each other.

(vi)    the number of the request to which the document is responsive.

B.     <u>Continuing Document Requests</u>

These requests for production are continuing in character, so as to require you to file

supplemental responses, as provided in the Superior Court Rules of Civil Procedure.

C.     <u>Objections</u>

To the extent that you consider any of these requests objectionable, respond to so

much of each request as, in your view, is not objectionable.  Separately identify that part or aspect of

each request to which you object and each ground for such objection.

D.     <u>Lost or Destroyed Documents</u>

If any documents responsive to any request herein or fairly comprised within the

scope of the following requests have been lost, destroyed, or are otherwise unlocatable or not

presently within your possession or the possession of your attorneys, employees, investigators, agents, representatives, or anyone acting in cooperation or concert with you, or otherwise under your direction or control, please provide in lieu of a true and correct copy thereof a list of each document so lost, destroyed, unlocatable, or not within the possession thereof together with the following information:

1.   a description of such document;

2.   the date of origin;

3.   the author of the document;

4.   whether the document was lost, destroyed, unlocatable, or no longer within your possession;

5.   the date upon which any such document was lost or destroyed;

6.   the substance of the document;

7.   the date on which the document was last seen, where it was last seen and the identity of the person in whose possession the document was last seen;

8.   a brief statement of the manner in which any such document was lost or destroyed.

E.   Time Period

Unless otherwise identified, the time period covered by these requests includes the period beginning on January 1, 2015 and continuing up through the present.

F.   Alleged Ambiguities

If, in answering these requests for production, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer

shall set forth the matter deemed ambiguous and the construction used in answering.

G.     Partial or Incomplete Answers

No part of a request for production should be left unanswered merely because an objection is interposed to another part of the document request. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

H.     "Burdensome" or "Oppressive"

If production of any requested document(s) is objected to on the grounds that production is unduly burdensome or oppressive, describe the burden or expense of the proposed discovery.

I.     Headings

The "headings" herein are for organizational purposes only and are not to be read to in any way limit the scope of the Instructions or Requests or to interpret or explain the Instructions or Requests.

J.     Organization

In responding to this request, you should organize and label the documents produced according to the numbered paragraphs and subparagraphs of the request in response to which each document is produced, as required under Rule 34.  If a document is produced in response to more than one paragraph, the documents may be grouped with documents produced from the response from any such paragraph.  However, documents produced in such a manner must also indicate the other paragraphs to which they are responsive.

**REQUESTS**

1.  Any and all insurance policies, whether basic, umbrella or excess, which may pay any judgment in this case or provide any defense in this case.

2.  All documents regarding the subject matter of the above-captioned action.

3.  All written statements which relate in any way to the subject matter of this action.

4.  All documents, records, correspondence, reports or memoranda referring in any way to the subject fall.

5.  All documents, records, correspondence, reports or memoranda referring in any way to alterations or construction performed at the location of the subject fall.

6.  All documents, records, correspondence, reports or memoranda referring in any way to the location of the subject fall.

7.  All documents or writings used in responding to Plaintiff's first set of interrogatories.

8.  All documents describing, mentioning or in any way tending to prove or disprove any allegation contained in Defendant's answer.

9.  Any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

10.  All written policies and instructions, orders or memos and procedures in effect for Defendant's employees relating to inspection, maintenance, cleaning, or repairs at the time and place of the subject fall.

11. All written policies and procedures of the Defendant's employees with regard to inspection, maintenance, cleaning, or repairs to the area of the alleged occurrence as set forth in Plaintiff's Complaint.

12. Job description outlining the specific nature of the duties and responsibilities for personnel employed at the place where Plaintiff was allegedly injured for a period of one year before the subject fall.

13. All inspection reports of the area where Plaintiff allegedly was injured for three years before the subject fall.

14. All photographs, videotapes or motion pictures of the scene of the occurrence alleged in the Complaint or of Plaintiff following the alleged occurrence (or of tangible objects involved in the occurrence alleged in the first amended complaint).

15. All plans, blueprints and/or specifications for the area referred to in the Complaint, specifically including the stage.

16. All video in your possession showing the set up, removal, inspection, or repairs to the stage involved in the subject fall.

17. All reports, complaints, letters, emails, notes, logs, or other recording, whether written or otherwise, referring in any way to a stage or raised platform at the Grand Hyatt Washington for the five years preceding the subject fall.

18. Any documents or recordings, electronic or otherwise, witnessing or referring to a fall from a raised platform or stage at the Grand Hyatt Washington in the five years preceding the subject fall.

19. Any and all contracts, agreements or documents entered into by Defendant with any individual or corporation pertaining to maintenance or work performed at or near the scene of the occurrence alleged in the Complaint.

20. All records and documents, correspondence and memoranda regarding any changes or modifications made to the nature, timing, or scope of Defendant's inspection, maintenance, cleaning, or repairs in the area where Plaintiff was allegedly injured since the time of the subject fall.

21. A copy of any surveillance movies or photographs which have been made of Plaintiff.

22. All written or oral statements made by any person having knowledge of any fact tending to prove or disprove any allegation contained in Defendant's answer.

23. The written opinion or report of any expert the defendant plans to call at trial.

24. The curriculum vitae of all experts who are expected to testify on behalf of the defendant.

25. All documents which you have provided or which you have been asked to provide to any expert(s) whom you intend to call as a witness at trial.

26. All documents not previously produced which refer to, relate to or concern any expert expected to testify at trial.

27. All documents, including emails, which relate, reflect or refer to the subject fall.

28. All photographs, videotapes, plats, diagrams, or other depictions of the subject fall and/or scene of the subject fall, or of things connected with the subject fall.

29. All surveillance materials relating to the subject fall or Plaintiff.

30. All documents that reflect, refer to, or relate to, any examination, inquiry, investigation or reconstruction, by any person or entity, of or into the events leading up to, surrounding and following the subject fall.

Respectfully submitted,

MICHAEL H. JACOBSON

By: _____
Jacob M. Lebowitz, D.C. Bar #483742
POSEY LEBOWITZ PLLC
3221 M St. NW
Washington, D.C. 20007
(202) 524-0123 (phone)
(202) 810-9009 (facsimile)
jlebowitz@poseylebowitz.com
*Counsel for Plaintiff*

**Dated: September 29, 2021**

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, the foregoing was sent out for personal service, along with the Complaint and Summons, to Defendant care of the registered agent.

*/s/ Jacob M. Lebowitz*
Jacob M. Lebowitz

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| MICHAEL JACOBSON | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case:** |
| v. | ) **Judge Jason Park** |
| | ) **Next Event: Initial Scheduling Conference** |
| | ) **Date: January 21, 2021** |
| GRAND HYATT WASHINGTON | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT

Plaintiff Michael Jacobson, through undersigned counsel, and pursuant to SCR-Civil 26(a) and SCR-Civil 33, hereby serves these First Set of Interrogatories to Defendant, to be answered within thirty (30) days after service of this request.   Defendant shall provide responsive documents to the following requests upon undersigned counsel at the offices of Posey Lebowitz PLLC, 3221 M St. NW, Washington, D.C. 20007.

The following definitions and instructions apply throughout this and any subsequent Interrogatories:

## DEFINITIONS

A.    "All" includes "each and every."

B.    "And" and "or" are to be construed both conjunctively and disjunctively, as necessary to give each request its broadest possible meaning.

C.    "Anyone acting on your behalf" means all persons including your agents, employees, insurance companies, attorneys, and investigators.

D.    "Complaint" refers to the Complaint or any subsequently filed complaint in this matter.

E.    "Communication" includes all oral, visual, written, or other sensory means of transmitting information or statements.

F.    "Defendant" refers to Defendant Grand Hyatt Washington, and includes any and all subsidiaries, related entities, partners, operators, employees, agents, contractors, vendors, or anyone else permitted to be on the property for purposes of operating or maintaining the hotel.

G.    "Document" means all materials so defined in the broadest sense of SCR-34(a), including the original, or a copy of the original, if you do not possess the original, and all non-identical copies of any medium upon which intelligence or information is recorded, or from which intelligence or information can be retrieved, regardless of original or present location or custody, including, but not limited to, papers, letters, telegrams, telexes, architectural plans or drawings, memoranda, notes, sound recordings, minutes, periodicals, magazines, newspapers, pamphlets, advertisements, articles, internal correspondence, reports, records, studies, contracts, statements, logs, audits, charts, legal instruments, declarations, filings, drafts, plans, diagrams, pictures, circulars, announcements, directives, schedules, specifications, standards, instructions, manuals, photographs, negatives, brochures, publications, statistical records, desk calendars, appointment books, diaries, computer disks, computer tapes, computer printouts, data processing program libraries, data processing input and output, computer memories, microfilms, accounts, budgets, journals, ledgers, bills, invoices, orders, bids, checks, receipts, and the like, whether handwritten, typed, printed, coded, tape recorded, photographed, or otherwise made, including information stored, made or maintained by electronic, mechanical or magnetic means. The term "document" includes each and every draft, excerpt, revision, or amendment of the above.

H.    "Identify" or "identification," when used with reference to a natural person, shall mean, without limitation, to state each of the following: (1) the person's full name; (2) the person's present address; (3) the person's present employer, title, and business address; and (4) the person's employer, title, substantive responsibilities, and business address during the period covered by the request in which such person's identification is sought.

I.    "Identify" or "identification," when used with reference to a fact or occurrence of any kind, shall mean, without limitation, to state each of the following: (1) the date, time, and place (including street address where appropriate) of the fact or occurrence, (2) a description of the circumstances surrounding the fact or occurrence, (3) an identification of all persons who were present at or have any personal knowledge of the fact or occurrence, and (4) the substance of the fact or the occurrence.

J.    "Identify" or "identification," when used with reference to a document, shall mean to state each of the following: (1) a description of the nature of the document, (2) an identification of the person(s) who authored or originated the document, (3) the person(s) to whom the document was sent, (3) an identification of the plaintiff(s) or other person(s) who has possession of the original document, and (4) if the document has been or will be produced by you in this litigation the identifying number stamped on the document.

K.    As used herein, the term "the subject fall" shall refer to the incident complained of in the Complaint.

L.    The "stage" shall refer to the raised platform or stage located in the Grand Hyatt's Independence Ballroom on the date of the subject fall.

3

M.     "Location of the Occurrence" refers to the area at and surrounding the stage set up in Defendant's ballroom where the subject fall occurred, included but not limited to the stage, the floor around the stage, the walls behind the stage, and any items on or near the stage.

N.     "Person" means any natural or artificial person, including business entities and other legal entities.

O.     "Plaintiff" shall refer to Michael Jacobson

P.     "Possession" includes possession, custody, or control; or, that you own in whole or in part; or have a right by contract, statute, or otherwise to use, inspect, examine, or copy on any terms; or that you have, as a practical matter, the ability to use, inspect, examine, or copy.

Q.     "Relating to," "relate to", "related to," and "relates to" means in any way concerning, containing, describing, constituting, referring to, evidencing, mentioning, reflecting, identifying, refuting, contradicting, supporting, connected with or in any way pertaining to the subject, in whole or in part.

R.     "Requests" refers to this document, and each and every request for documents contained within this document.

S.     "You," "your," "Grand Hyatt" or "Defendant" as used herein shall refer to Defendant in this case, and shall include all present and former agents, employees, independent contractors, servants, attorneys (to the extent not privileged), representatives and all other persons acting or purporting to act on Defendant's behalf.

**INSTRUCTIONS**

T.     Pursuant to SCR-Civil 33(a), in answering each interrogatory, you shall in writing "[c]opy seriatim each interrogatory," and "[i]mmediately following each interrogatory, give the answer thereto fully or, if objected to, the grounds therefore."

4

U.    Pursuant to SCR-Civil 33(b)(1), "[e]ach interrogatory shall be answered separately and fully in writing, under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."

V.    Pursuant to SCR-Civil 33(b)(2), the answers are to be signed by you, and the objections signed by the attorney making them.

W.    Pursuant to SCR-Civil 33(d), you elect to specify and produce business records of yours in answer to any interrogatory, your specification shall be in sufficient detail to enable the interrogating party to locate and identify the records from which the answer may be ascertained.

X.    Pursuant to SCR-Civil 26(f)(1), you are under a duty to seasonably supplement any response with respect to any interrogatory addressed to (A) "the identity and location of persons having knowledge of discoverable matter," and/or (B) "the identity of each person expected to be called as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the person's testimony."

Y.    Pursuant to SCR-Civil 26(f)(2), you are under a duty seasonably to amend any response if you obtain information upon the basis of which (A) you know "that the response was incorrect when made," or (B) you know "that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment."

Z.    The omission of any name, fact, or other item of information from the answers shall be deemed a representation that such name, fact or item is not known to you or your counsel at the time of the service of your answer to the Interrogatory.

AA.   Unless otherwise indicated, these Interrogatories are referring to the time, place and circumstances of the subject fall.

BB.   If any Interrogatory herein cannot be answered in full after exercising due diligence to secure the information to do so, it shall be answered to the extent possible with an explanation as to why a complete answer is not possible.

CC.   In lieu of providing a full description of a document in accordance with the below paragraphs, you may attach a copy of the document for which a description is requested, and in your answer to the interrogatory only provide those items of description requested which do not appear on the face of the document.

DD.   Whenever in these Interrogatories a request for information is framed in the conjunctive, the request should also be interpreted in the disjunctive, and vice versa, so as to interpret the request broadly, rather than narrowly.  The singular of a noun should be interpreted as including the plural form and vice versa.

EE.   If any documents responsive to any Interrogatory herein or fairly comprised within the scope of the following Interrogatories have been lost, destroyed, or are otherwise not able to be located, or not presently within your possession, or are in the possession of your attorneys, employees, investigators, agents, representatives, or anyone acting in cooperation or concert with you or otherwise under your direction or control, please provide in lieu of a true and correct copy thereof a list of each document so lost, destroyed, unable to be located, or not within the possession thereof together with the following information:

1.   a description of such document;
2.   the date of origin;
3.   the author of the document;
4.   whether the document was lost, destroyed, unlocatable, or no longer within the possession thereof;
5.   the date upon which any such document was lost or destroyed;

6.   the substance of the document;

7.   the date of which the document was last seen, where it was last seen and the identity of the person in whose possession the document was last seen; and

8.   a brief statement of the manner in which any such document was lost or destroyed.

FF.   If you object on grounds of privilege (or for any other reason) to answering any Interrogatory calling for certain information or for the identification of certain documents, you shall set forth all grounds for your refusal to answer; describe the nature of the withheld information; identify each person having knowledge of the information for which you claim the privilege or protection; and identify each document containing the information for which you claim the privilege or protection. If you object to or otherwise decline to answer any portion of any interrogatory, you are to provide the information requested by that Interrogatory to which you do not object. If you object to an Interrogatory on the ground that it is over broad (i.e., that it calls for both information that is discoverable and information that you contend is not), you are to provide all information that you agree is discoverable.

## **INTERROGATORIES**

1.   Please identify your correct legal entity and identify, stating the date on which such entity was formed, the State of Incorporation, the name(s) and address(es) of all partners, general or limited partners and all other parties with any interest in your organization.

2.   Identify the person, or persons, who are supplying the information which is the basis for the answers to these Interrogatories and state which person, or persons, answered which Interrogatory. If you are an employee and/or agent of the Defendant, please provide your title and your job description.

3.   Identify each person who investigated the subject fall in any manner, including causes of the Subject fall, circumstances surrounding the Subject fall, and/or damages suffered in

the Subject fall. In your answer, state the conclusion(s) drawn as a result of the investigation, the name of the investigator(s), the name of the investigating entity, the scope of the investigation, the status of the investigation (i.e., completed or ongoing), whether or not a written report was produced, and the location of any and all investigation files; and identify all documents that refer or relate thereto.

4.     If a report with respect to the causes of, circumstances surrounding, and/or damages suffered as alleged in the Complaint was made in the ordinary course of business, state the date of the report, identify the person who made the report, the custodian, and whether the report was written, oral, or in some other form.

5.     Identify when and who erected the stage from which Plaintiff alleges to have fallen in the Complaint.

6.     Identify the dimensions of the stage as erected at the time of the subject fall, including the height, width, length, and the dimension of any steps up to the stage.

7.     Identify any policies, procedures, or guidelines referring to, related to, requiring, or reflecting any check, review, maintenance, or repair of the stage.

8.     Identify all measures taken to delineate, mark, identify, or alert people to the edge of the stage on any or all sides, including the rear.

9.     Identify the color of the stage as erected at the time of the subject fall and the color of any surrounding flooring, walls, or edging around the stage.

10.     Identify all photographs, videotapes, diagrams, and other documents reflecting or referring to the subject fall, or the allegations in the Complaint, that are in your possession, and name that person and/or entity who prepared or made same, the date prepared and who has custody of the same. If photographs, videotapes, diagrams, or other documents once existed but

8

have been destroyed or are otherwise not available, state the nature and content of these items and the reason and method for their destruction.

11.     Identify all persons who have given you signed statements regarding the subject fall, or the personal injuries suffered by the Plaintiff described in the Complaint.

12.     Identify all persons who you know to have witnessed the subject fall or you believe may have witnessed the subject fall.

13.     Prior to the subject fall, when was the last time someone did a safety inspection of the stage.

14.     Did Defendant employ, hire, or retain anyone to review the safety of the stage in the three years prior to the subject fall.

15.     Please identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and, with respect to an expert whose findings and opinions were acquired or obtained in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions.

16.     Identify each and every person whom you may produce as a witness at the trial in this case, including a description of their testimony.

17.     Identify each person (other than a person intended to be called as a witness at trial) who has personal knowledge of the facts pertaining to the Subject fall, or who has discoverable information that tends to support a position that you have taken or intend to take in

this action.  For each such person, state the subject matter of the information possessed by the person, describe the substance of the person's knowledge, and articulate the person's expected testimony, if any.  Included in your response all persons who set up, checked, or disassembled the stage off which the subject fall is alleged to have occurred, including, but not limited to, agents and employees of the Defendant and any bystanders.  For each, state the name, address, and (if applicable) nature of employment.

18.     Identify any communication between Defendant and any other person or entity concerning, referring, or relating to the subject fall, and include in your answer: (a) the specific date of communication; (b) the identity of persons participating in the communication; and (c) the substance of the communication.

19.     If you contend the personal injuries of Plaintiff were not caused by the subject fall, state with particularity the facts upon which you base your contention.  If you contend that the injuries now complained of by the Plaintiff were the result of prior or subsequent injuries, give a concise statement of the facts in support of such contention.

20.     Identify any person or party other than you whom you contend caused or contributed to the subject fall complained of, including any architect, engineer, designer, contractor, subcontractor, or others and identify each fact which supports these contentions.

21.     Are there any insurance agreements, including but not limited to, umbrella/all risk policies under which any person carrying on an insurance business might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment? If so, please state the names of the insurance companies, the policy numbers and the insurance policy liability limits which are subject to this action.

10

22.     If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them.

23.     Identify any procedures which you followed, at and before the time of the subject fall, concerning the inspection, repair and maintenance of the Location of the Occurrence, including any documents such as manuals and publications relevant to these activities.

24.     At the time of Plaintiff's injury, do you contend that any person or entity other than you and/or your employees, agents and/or servants was responsible for the maintenance of the Location of the Occurrence, including but not limited to the stage? If so, state each and every fact on which you base your contention and identify each and every writing that supports your contention.

25.     Identify any signs, warnings, or barriers that were present at the Location of the Occurrence on the date of the Plaintiff's injury, the date on which said object(s) were placed at the Location, the identity of the person who placed said object(s) at the Location and who was responsible for maintaining said sign(s) or barrier(s).

26.     Identify if any changes or alterations were made to the Location of the Occurrence in the time since the subject fall occurred, including, but not limited to, changes in the placement of signs and/or barriers and traffic/pedestrian management.

27.     Identify each and every person, including but not limited to employees, agents, and contractors, who were in any way involved in any investigation, inspection, repair, and/or maintenance work at the Location of the Occurrence in the year prior to the subject fall, stating

the dates, nature, substance, and extent of all investigations, inspections, repairs, or maintenance, and identify all work reports, work orders, or documents that refer or relate thereto.

28.     To the extent that you contend that any party, including Plaintiff, has made any admissions or statements, please identify each such admission or statement.

29.     Identify the factual bases for each affirmative defense that you have asserted in your answer to the Complaint.

30.     Identify any person with whom you consulted, other than legal counsel, in responding to these Interrogatories, the substance of any communication, and identify all documents and other information you reviewed in responding to these Interrogatories including who has possession, custody, or control thereof.

Respectfully submitted,

MICHAEL H. JACOBSON

By:

Jacob M. Lebowitz, D.C. Bar #483742
POSEY LEBOWITZ PLLC
3221 M St. NW
Washington, D.C. 20007
(202) 524-0123 (phone)
(202) 810-9009 (facsimile)
jlebowitz@poseylebowitz.com
*Counsel for Plaintiff*

**Dated: September 29, 2021**

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, the foregoing was sent out for personal service, along with the Complaint and Summons, to Defendant care of the registered agent.

*/s/ Jacob M. Lebowitz*
Jacob M. Lebowitz

EXHIBIT 2

**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: 23950432
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | CCHH GHDC LLC |
| **Entity I.D. Number:** | 3017499 |
| **Entity Served:** | Cchh Ghdc aka Grand Hyatt Washington |
| **Title of Action:** | Michael H. Jacobson vs. CCHH GHDC aka "Grand Hyatt Washington" |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Superior Court, District Of Columbia |
| **Case/Reference No:** | 2021 CA 003413 B |
| **Jurisdiction Served:** | District Of Columbia |
| **Date Served on CSC:** | 10/18/2021 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Posey Lebowitz PLLC
202-524-0123